NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0554n.06

**Nos. 11-3894/3925**

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| SUSAN B. ANTHONY LIST and COALITION OPPOSED TO ADDITIONAL SPENDING & TAXES, | ) ) ) ) | **FILED** Jul 24, 2014 DEBORAH S. HUNT, Clerk |
| Plaintiffs – Appellants, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| STEVEN DRIEHAUS; JOHN MROCZKOWSKI; BRYAN FELMET; JAYME SMOOT; HARVEY SHAPIRO; DEGEE WILHELM; LARRY WOLPERT; PHILIP RICHTER; CHARLES CALVERT; OHIO ELECTIONS COMMISSION; JON HUSTED, | ) ) ) ) ) ) ) ) | **OPINION** |
| Defendants – Appellees. | ) ) | |

Before:  ROGERS and STRANCH, Circuit Judges; PEARSON, District Judge.[*]

**JANE B. STRANCH, Circuit Judge.**  In *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334 (2014), the Supreme Court held that Susan B. Anthony List (SBA) and Coalition Opposed to Additional Spending and Taxes (COAST) sufficiently alleged injury-in-fact to establish Article III standing to pursue pre-enforcement challenges to an Ohio statute prohibiting false political speech. The Court reversed our decision, *Susan B. Anthony List v. Driehaus*, 525 F. App'x 415 (6th Cir.

---

[*]The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

2013), and "remand[ed] the case for further proceedings consistent with [its] opinion, including a determination whether the remaining Article III standing requirements are met." *Id.* at 2347.

All parties, having "reached an agreement regarding the remaining issues," now join in a motion to expedite remand of the case to the district court. There are four components to the parties' agreement. First, to avoid any concern about whether SBA and COAST may pursue a claim against the Secretary of State, rather than the Ohio Elections Commission or its members, SBA and COAST voluntarily agree to dismiss the Secretary of State with prejudice, rendering that issue moot. Second, SBA voluntarily agrees to dismiss with prejudice its First Amendment claim against defendant Steven Driehaus. COAST did not sue Driehaus. SBA's dismissal against Driehaus will not affect Driehaus's appeal concerning his distinct defamation claim, now pending in this court in No. 13-3238. Third, SBA and COAST agree that their as-applied claims regarding events in 2010 are better read as facial objections to Ohio's law, *see Susan B. Anthony List*, 134 S. Ct. at 2340 n.3, and they agree not to pursue those as-applied claims on remand. Fourth, with the anticipated dismissals of the Secretary of State and Driehaus and the withdrawal of any as-applied challenges to the events in 2010, the remaining defendants no longer dispute that Article III standing requirements are met. *See id.* at 2347.

The parties' agreement removes from our consideration any controversy concerning Article III standing requirements. Accordingly, we GRANT the joint motion for expedited remand and issuance of the mandate. We REMAND the case to the district court for further proceedings in accordance with the parties' agreement. The mandate shall issue.

2